UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Brent Michael Smith,                                     File No. 21-cv-1574 (ECT/ECW)

        Plaintiff,

v.

                                        **OPINION AND ORDER**

United States of America,

        Defendant.

---

Lynne A. Torgerson, Torgerson Law Office, Minneapolis, MN, for Plaintiff.

Andrew Tweeten, United States Attorney's Office, Minneapolis, MN, for Defendant.

---

Plaintiff Brent Michael Smith wants his right to possess a firearm restored. Smith was convicted of several crimes in Minnesota and Iowa in the 1990s that resulted in a prohibition of his right to possess a firearm under state and federal law. A Minnesota state court later restored Smith's right to possess a firearm in Minnesota, but Smith's Iowa convictions remain intact, barring Smith from purchasing a firearm under federal law—namely, 18 U.S.C. §§ 921(a)(20) and 922(g)(1). Smith's complaint, brought under 18 U.S.C. § 925A, seeks correction of allegedly erroneous information in the FBI's National Instant Background Check System ("NICS") that Smith says has resulted in an improper prohibition on his right to possess a firearm. The Government has moved to dismiss Smith's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Government's motion to dismiss will be granted.

I

Smith's complaint stems from the federal statutory consequences of his seven felony convictions in Minnesota and Iowa state courts:

- In May 1992, Smith was convicted of felony second-degree burglary in St. Louis County, Minnesota district court for stealing five guns from a home when he was 17 years old. Compl. [ECF No. 4] ¶ 17(2); ECF No. 4-1 at 18. He pleaded guilty and was sentenced to 18 months in prison. *Id*.

- In January 1993, Smith was convicted of felony theft in St. Louis County, Minnesota district court for stealing a van. Compl. ¶ 17(3); ECF No. 4-1 at 20. He pleaded guilty and was sentenced to 15 months in prison. *Id*.

- In 1993 and 1994, Smith was convicted twice of felony theft in Cherokee County, Iowa district court for stealing vehicles. Compl. ¶¶ 17(4), 22; ECF No. 4-1 at 23–28. He was sentenced to five years' imprisonment for each conviction. *Id*.

- In 1996, Smith was convicted three separate times of felony operating a motor vehicle while intoxicated (OWI) in Winneshiek County and Clayton County, Iowa district courts and was sentenced to five years' imprisonment for each conviction. Compl. ¶ 17(5); ECF No. 4-1 at 24–29.

Through a series of proceedings in Minnesota state courts, Smith has petitioned successfully for the restoration of his rights to possess firearms under Minnesota law. In 2015, Smith brought a petition to restore his rights to possess firearms in Isanti County, Minnesota. Compl. ¶¶ 21–23. Although it is not clear why, that petition was decided in St. Louis County, Minnesota district court. ECF No. 4-1 at 2–53. The St. Louis County district court granted Smith's petition pursuant to Minnesota Statutes § 609.165, subd. 1d, which provides, in relevant part:

> **Judicial restoration of ability to possess firearms and ammunition by felon.** A person prohibited by state law from

2

shipping, transporting, possessing, or receiving a firearm or ammunition because of a conviction or a delinquency adjudication for committing a crime of violence may petition a court to restore the person's ability to possess, receive, ship, or transport firearms and otherwise deal with firearms and ammunition.

*See* Compl. ¶ 23; ECF No. 4-1 at 50–53.  This order directed the court administrator to "transmit the information concerning [Smith's] restoration" to the NICS.  ECF No. 4-1 at 52–53.  The order took no position as to Smith's right to possess firearms in Iowa.  *Id*. at 51 n.1 ("The listing of Iowa case numbers does not mean that [Smith's] rights to possess firearms in Iowa are or are not restored herein.").[1]  Subsequently, in 2016, the Kasson, Minnesota Police Department granted Smith a permit to purchase a firearm.  Compl. ¶ 32.  Later that year, Smith obtained a permit to carry in Minnesota.  *Id.* ¶ 33.  In 2017, Smith moved to Mantorville, Minnesota, and was granted a permit to carry a firearm from the Dodge County Sheriff's Office.  *Id.*  In 2018, the Dodge County Sheriff's Office voided Smith's permit to carry.  *Id.* ¶ 34; ECF No. 4-1 at 54.  Smith challenged the revocation in Dodge County district court.  Compl. ¶ 36.  After the Dodge County Sheriff's Office reversed its denial and re-issued the permit, the Dodge County district court dismissed the case as moot and awarded Smith attorneys' fees and costs pursuant to Minn. Stat. § 624.714, subd. 12(d).  *Id.*; *see also* ECF No. 4-1 at 54–56.

---

[1]    It is not clear from Smith's complaint or briefing whether he requested restoration, expungement, pardon, or set-aside of his Iowa felony convictions in the state of Iowa.  It also is not clear from the complaint what procedures Iowa follows in this regard—aside from Smith's assertion that "a conviction of a felony in Iowa causes the person to lose their gun rights for life in Iowa, until they obtain a pardon from the Iowa Governor."  Mem. in Opp'n [ECF No. 16] at 4.

Between 2016 and 2020, Smith made three separate attempts to purchase a firearm, but each time he was denied by the NICS due to his criminal history. Compl. ¶¶ 38–40. Smith appealed the most recent NICS denial, which stemmed from Smith's attempt to purchase a firearm at a gun show in Rochester, Minnesota. *Id.* ¶ 40. In a letter dated February 18, 2020, the FBI responded to Smith's NICS appeal, stating that Smith was prohibited from possessing or receiving a firearm under 18 U.S.C. §§ 921(a)(20) and 922(g)(1), as he had been "convicted in any court of a crime punishable by imprisonment for a term exceeding one year." ECF No. 4-1 at 57. The FBI further stated that "the Minnesota Restoration of Rights does not restore federal firearm rights for felony convictions listed on your Iowa state record." *Id.*

Smith brought this action seeking an order permitting him to purchase firearms and directing the FBI to correct the purportedly erroneous information in the NICS—namely, that Smith has been convicted of a crime making him ineligible to possess a firearm in Minnesota—pursuant to 18 U.S.C. § 925A and 28 U.S.C. § 2201. Compl. at 34. Smith also seeks an award of attorneys' fees and costs. *Id.* at 35. Smith seems to concede that his restoration of rights in Minnesota does not restore his rights in Iowa, but he maintains that neither Iowa law nor federal law may limit the exercise of his rights in Minnesota. Compl. ¶ 42, n.13. Smith contends that the Minnesota district court's restoration of his right to possess a firearm in 2015 also restored his right to possess firearms under federal law in Minnesota and thus the NICS may no longer prevent him from possessing a firearm under § 922(g)(1). *Id.* ¶¶ 42, 53–57.

4

II

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A brief outline of the relevant federal statutes helps frame Smith's complaint. The Brady Handgun Violence Prevention Act "requires the Attorney General to establish a National Instant Criminal Background Check System (NICS) to be contacted by any licensed importer, licensed manufacturer, or licensed dealer of firearms for information as to whether the transfer of a firearm to any person who is not licensed under 18 U.S.C. § 923 would be in violation of Federal or state law." 28 C.F.R. § 25.1. The NICS is based at the FBI. 28 C.F.R. § 25.3(a)–(b). Under the NICS system, federal firearms licensees initiate a background check by contacting the NICS system by telephone or internet. 18 U.S.C. § 922(t); 28 C.F.R. § 25.6(a). The NICS then conducts a search of relevant criminal databases and transmits that information to the federal firearms licensee that initiated the background check. 28 C.F.R. § 25.6(c). Under 18 U.S.C. § 925A, a person who is denied

a firearm under the NICS system "may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be."

The issue the Government's motion raises is whether Smith is prohibited from possessing or receiving a firearm based on his Iowa felony convictions—or, to put it in the controlling statute's phrasing, whether he was "convicted in any court" of a crime "punishable by imprisonment for a term exceeding one year," pursuant to 18 U.S.C. § 922(g)(1). Section 922(g)(1) says that it "shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Section 921(a)(20) explains that a "crime punishable for a term exceeding one year" "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). But any conviction "for which a person . . . has had civil rights restored shall not be considered a conviction for purposes of this chapter." *Id.* The determination of whether a person has had civil rights restored is "governed by the law of the convicting jurisdiction." *Beecham v. U.S.*, 511 U.S. 368, 371 (1994).

*Beecham* and an Eighth Circuit case, *United States v. Lowe*, 50 F.3d 604 (8th Cir. 1995), require dismissal of Smith's complaint here. In *Beecham*, the Supreme Court addressed whether a *state's* restoration of civil rights could remove the federal restrictions

(or "disabilities") on firearm possession imposed under §§ 921(a)(20) and 922(g)(1) as a result of petitioners' *federal* convictions. *Beecham*, 511 U.S. at 370. The issue required the Supreme Court to resolve the interplay between § 921(a)(20)'s choice-of-law clause[2] and its exemption clause.[3] *Beecham*, 511 U.S. at 370. Writing for a unanimous Court, Justice O'Connor explained:

> Throughout the statutory scheme, the inquiry is: Does the person have a qualifying conviction on his record? Section 922(g) imposes a disability on people who "[h]ave been convicted." The choice-of-law clause defines the rule for determining "[w]hat constitutes a conviction." The exemption clause says that a conviction for which a person has had civil rights restored "shall not be considered a conviction." Asking whether a person has had civil rights restored is thus just one step in determining whether something should "be considered a conviction." By the terms of the choice-of-law clause, this determination is governed by the law of the convicting jurisdiction.

*Id.* at 371. In so holding, the Supreme Court agreed with the Fourth Circuit that the "state restoration of civil rights [can]not undo the federal disability flowing from a federal conviction"; thus, petitioners can "take advantage of § 921(a)(20) only if they have had their civil rights restored under federal law," *i.e.*, the law of the jurisdiction in which the earlier (federal) proceedings were held. *Id.* at 370–71; 374.

---

[2]     To confirm, that choice-of-law clause provides: "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20).

[3]     The exemption clause provides: "Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20).

In *Lowe*, our Eighth Circuit Court of Appeals applied *Beecham* to a case involving felony convictions in different states. Lowe argued that Minnesota law had restored his civil rights on four of his five prior violent felony convictions, yet he had four Illinois convictions for robbery or burglary for which his civil rights had not been restored in Illinois. *Lowe*, 50 F.3d at 604-05, 607 n.5. Lowe later was convicted in federal court of being a felon in possession of a firearm and was sentenced as an armed career criminal under 18 U.S.C. § 924(e) based on the four Illinois convictions and one Minnesota burglary conviction. *Id*. at 605. Because Lowe had at least three convictions that were "punishable by imprisonment for a term exceeding one year," the felon-in-possession conviction carried a statutory minimum sentence of 15 years. *Id*. at 605–06. Lowe challenged his conviction, arguing that his civil rights had been restored in Minnesota, and that the laws of his state of residence determine whether his civil rights had been restored for purposes of 18 U.S.C. §§ 921(a)(20) and 924. *Id*. at 606. Thus, the issue in *Lowe* was "which law applies for restoration purposes: the law of the state of conviction . . . or the law of Lowe's present residence." *Id.* at 606. The Eighth Circuit held that "Minnesota cannot remove the disabilities imposed upon Lowe by his Illinois convictions and, therefore, [] Lowe's conviction must stand for purposes of section 922." *Id.* at 606 (internal citation omitted). Relying on the Supreme Court's decision in *Beecham*, the Eighth Circuit determined that "[o]nly the convicting jurisdiction can restore civil rights to a convicted felon for purposes of § 921(a)(20)." *Id.* at 607.

Here, Smith was convicted of qualifying felony crimes in both Minnesota and Iowa. Although Minnesota restored his right to possess firearms, Smith does not allege that Iowa

has restored his civil rights, or that Iowa has expunged, pardoned, or set aside the qualifying convictions.  Applying the rule from *Beecham*, as clarified by *Lowe*, the restoration of civil rights in Minnesota applied only to Smith's Minnesota convictions.  The Minnesota restoration of rights did not affect his Iowa convictions and thus, did not affect the federal limitation on Smith's rights to possess a firearm.  Thus, as to § 922(g)(1), Smith's qualifying Iowa convictions still prohibit him from possessing a firearm under federal law.

**ORDER**

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.     Defendant United States' Motion to Dismiss [ECF No. 11] is **GRANTED**.

2.     Smith's Complaint is **DISMISSED** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 9, 2021                    s/ Eric C. Tostrud_____
                                           Eric C. Tostrud
                                           United States District Court